# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                **Plaintiff,**

-vs-                                          Case No. 6:12-cv-142-Orl-31GJK

SHERRI HARRIS,
CHARLES LEFEVERS,

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST SHERRI HARRIS (Doc. No. 16)** |
| **FILED:** | March 20, 2012 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST CHARLES LEFEVERS (A/K/A CHUCK LEFEVERS) (Doc. No. 17)** |
| **FILED:** | March 20, 2012 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

I.      **BACKGROUND.**

On January 30, 2012, The Travelers Home and Marine Insurance Company ("Travelers") filed a complaint (the "Complaint") against Sherri Harris ("Harris") and Charles Lefevers (A/K/A Chuck Lefevers) ("Lefevers") seeking a declaratory judgment that there is no insurance coverage and Travelers has no obligation to indemnify Harris and Lefevers for any claim which may be asserted under Harris's policy of automobile insurance (the "Policy"). Doc. No. 1 at 1-8. Travelers alleges that it issued Harris a renewal of the Policy, effective September 29, 2011 through March 29, 2012, which covers only a 2003 Toyota 4 Runner. Doc. No. 1 at 2. Travelers states that Harris executed a form approved by the Florida Department of Insurance Regulation, wherein Harris specifically rejected stacking of uninsured motorist coverage under the Policy. Doc. No. 1 at 3. According to Travelers, on December 17, 2011, Harris and her husband, Lefevers, were involved in an automobile accident while operating and/or occupying a 2003 Harley Davidson Motorcycle (the "Motorcycle") owned by Lefevers. Doc. No. 1 at 3.

Travelers states that the Motorcycle is insured by Lefevers under a policy of insurance issued by Allstate Insurance Company. Doc. No. 1 at 6. The gravamen of the Complaint is that the Harris and Lefevers are not insured under the Policy for bodily sustained in the accident because the Motorcycle is not covered under the Policy and because Harris signed a form excluding stackable uninsured motorist coverage. Doc. No. 1 at 6. Travelers attaches a copy of the Policy and the non-stacked form signed by Harris. Doc. Nos. 1-2, 1-3. Travelers requests that the Court enter a declaratory judgment: 1) declaring that the provisions of the Policy operate to excuse Travelers from any obligations and/or indemnifications for any claim which may be

asserted by Harris or Lefevers arising from the accident; and 2) finding that no coverage exists under the Policy for the accident. Doc. No. 1 at 8

On February 2, 2012, Travelers served Harris and Lefevers with summons and copies of the Complaint. Doc. Nos. 12-13. Larcon and Country Club failed to respond and on March 7, 2012, defaults were entered pursuant to Rule 55(a), Federal Rules of Civil Procedure. Doc. Nos. 14-15. On March 20, 2012, Travelers filed two Motions for Default Judgment (the "Motions") against Harris and Lefevers seeking default declaratory judgments. Doc. Nos. 16-17. Harris and Lefevers were both served with the Motions, but did not file responses.

## II.    ANALYSIS.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter a default judgment. *Id*. The facts alleged in the Complaint are sufficient to establish that as to the accident at issue no coverage exists under the Policy and that Travelers has no obligation to indemnify Harris or Lefevers. Doc. Nos. 1, 1-2, 1-3. After reviewing the Complaint and the Motions, it is **RECOMMENDED** that the Court:

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

1. **GRANT** the Motions (Doc. Nos. 16-17);

2. Direct the Clerk to enter a default judgment in favor of Travelers;

3. Issue a declaratory judgment finding that: A) the provisions of the Policy, including endorsements, exclusions and circumstances surrounding issuance of the Policy, operate to excuse Travelers from any obligations and/or indemnifications for any claim which may be asserted by Harris and Lefevers arising from the subject accident; and B) no coverage exists under the Policy for the accident; and

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on June 13, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
**Unrepresented parties by Certified Mail at the addresses found in the Motions. Doc. Nos. 16 at 10; 17 at 10.**